UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASITY,<br><br>        Plaintiff,<br><br>    v.<br><br>AMADOR COUNTY, et al.,<br><br>        Defendants. | No.  2:24-cv-2449 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

**I.  SCREENING STANDARDS**

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1

1  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
2  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
3  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
4  1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**II. DISCUSSION**

Named as defendants are Amador County Superior Court Judge Renee Day and Amador County District Attorney Sherri Lynn Adams. (ECF No. 1 at 2.) Plaintiff describes his statement of claim as follows:

> Four-year four month sentence was unauthorized by appellants claim, August 28, 2024 resentencing hearing case no. 22CR31815, vacate conviction on Count 1, Count 2 PC 646.9(B) midterm of 3 years Count 4 PC 422(A) one third midterm of 8 months. Been paroled from CDCR April 15, 2024, 1 year dropped off sentence and did 8 months longer in prison 240 days. County of Amador Case 22CR31815, Appellate case no. C097719.

(Id. at 3.)

As relief, plaintiff seeks money damages. (Id.)

2

1    A state judge is absolutely immune from civil liability for damages for acts performed in
2    their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial
3    immunity to actions under 42 U.S.C. § 1983). "A judge will not be deprived of immunity
4    because the action he took was in error, was done maliciously, or in excess of his authority;
5    rather, he will be subject to liability only when he has acted in the 'clear absence of all
6    jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citing Bradley v. Fisher, 80
7    U.S. (13 Wall.) 335, 351 (1872)); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (judicial
8    immunity not overcome by allegations of bad faith or malice).

9    Plaintiff appears to claim that defendant Day sentenced plaintiff to an "unauthorized"
10   sentence. Sentencing criminal defendants is an act performed by defendant Day in her judicial
11   capacity. For this reason, defendant Day is immune from civil damages for plaintiff's claim.

12   Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages
13   under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the
14   performance of an integral part of the criminal judicial process. See, e.g., Imbler v. Pachtman,
15   424 U.S. 409, 427-29 (1976). Prosecutors are immune from claims regarding sentencing
16   recommendations because sentencing is a phase that is intimately associated with the judicial
17   phase of the criminal process. See Donaghe v. McKay, 81 Fed. Appx. 925, 926 (9th Cir. 2003)
18   ("The district court properly concluded that United States Attorney McKay was entitled to
19   absolute immunity, because his role in the sentencing recommendation was 'intimately associated
20   with the judicial phase of the criminal process.'").

21   Plaintiff appears to claim that defendant Adams requested that defendant Day sentence
22   plaintiff to an "unauthorized" sentence. Prosecutors are entitled to quasi-judicial immunity from
23   liability for claims regarding sentencing recommendations. For this reason, defendant Adams is
24   immune from civil damages for plaintiff's claim.

25   "A district court should not dismiss a pro se complaint without leave to amend unless 'it is
26   absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"
27   Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d
28   1202, 1204 (9th Cir. 1988) (per curiam)). As discussed above, defendants Day and Adams are

immune from liability for plaintiff's damages claims.  Plaintiff cannot cure these pleading defects. For this reason, this Court recommends that this complaint be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cas2449.14/2

4